**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| April Brown, | |
|     Plaintiff, | |
| v. | |
| Priority Healthcare Group, LLC, | Case No. _____ |
| And | |
| Premier at Susquehanna for Nursing and Rehabilitation, P.C., | JURY TRIAL DEMANDED |
|     Defendants. | |

**COMPLAINT**

NOW COMES Plaintiff, April Brown (hereinafter referred to as "Plaintiff"), by and through her attorneys, and files this Complaint alleging as follows:

**NATURE OF THE ACTION**

1.      Plaintiff initiates this action to redress violations of Priority Healthcare Group, LLC and Premier at Susquehanna for Nursing and Rehabilitation, P.C. of the of the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*).

**JURISDICTION AND VENUE**

2.      This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in

order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S.

310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and

(b)(2) because Defendant resides in and/or conducts business in this judicial district and because

a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in

this judicial district.

## PARTIES

5.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

6.      Plaintiff is an adult individual with a primary residence located at 8

North Stoner Ave., Camp Hill, PA 17011.

7.      Defendant Priority Healthcare Group, LLC is a business entity with primary place

of business located at 1510 Chester Pike, Baldwin Tower, 7th Floor, Eddystone, PA 19022.

8.      Defendant Premier at Susquehanna for Nursing and Rehabilitation, P.C. is a

business entity with primary place of business located at 990 Medical Road, Millersburg, PA

17061.[1]

9.      At all times relevant herein, Defendant acted by and through its agents, servants

and employees, each of whom acted at all times relevant herein in the course and scope of their

employment with Defendant.

## FACTUAL BACKGROUND

10.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

---

[1] Defendant Priority Healthcare Group, LLC and Defendant Premier at Susquehanna for Nursing and Rehabilitation, P.C. will hereinafter be referred to collectively as "Defendant" or "Defendants."

11.     Plaintiff was hired by Defendant as a Licensed Practitioner Nurse ("LPN") in about June of 2017.

12.     At all times relevant herein, Plaintiff has suffered from serious health conditions, namely, anxiety and depression.

13.     As a result of her serious health conditions, Plaintiff required occasional time off from work.

14.     Plaintiff advised Defendant's management-level employees, including Supervisor Brenda Travits ("Ms. Travits") and Director of Nursing Missy Carado ("Ms. Carado"), of her serious health condition and need for occasional time off.

15.     In about April of 2018, Plaintiff was suspended for calling out of work too frequently.

16.     Shortly after the suspension referenced in Paragraph 15, Plaintiff spoke with Human Resources representative Marty Shay ("Mr. Shay") regarding FMLA.

17.     Plaintiff applied for and was approved for intermittent FMLA leave in or around May of 2018.

18.     Shortly after Plaintiff was approved for FMLA leave, she began being subjected to a pattern of antagonism because of her use of FMLA leave. The antagonism included, but was not limited to the following:

        a)     On about July 3, 2018, Nurse June Stone ("Ms. Stone") presented Plaintiff with a purported written warning wherein it was alleged that Plaintiff was not properly calling out when she used FMLA time for a day off;

        b)     Certified Nursing Assistant ("CNA") Dorothy Gemberling ("Ms. Gemberling") would frequently make negative and disparaging comments regarding Plaintiff's use of FMLA, including: 1) telling Plaintiff to "get over it" [regarding her serious health conditions; 2) telling Plaintiff that she would

3

"fuck the nurses over" when she took time off; 3) telling Plaintiff that "it must be nice to be able to be on FMLA" because Plaintiff could "call out and not get in trouble; 4) accusing Plaintiff of lying with respect to her health condition and need for FMLA; and 5) expressly telling Plaintiff that she did not like Plaintiff because of Plaintiff's health condition and need for FMLA leave;

c)      Nurse Shannon Buchanon ("Ms. Buchanon") rudely told Plaintiff that it "must be nice to take off whenever you want to"; and

d)      CNA Billie Jean Gray ("Ms. Gray") made negative comments on Facebook regarding Plaintiff's use of FMLA leave.

19.      As a result of the forgoing treatment, Plaintiff made verbal and written complaints to several of Defendant's management-level employees, including Administrator Daniel Daub ("Ms. Daub") and HR representative Angie [last name unknown].

20.      Defendant did not take any meaningful steps to remedy Plaintiff's complaints, as she was instead told to simply make efforts to work out the issues on her own.

21.      On about August 30, 2018, Plaintiff was given written notice of a 3-day suspension. Plaintiff claims that this suspension was retaliatory in nature insofar as she was therein told that she was suspended because of an alleged improper call out because she called out and used an FMLA day less than three (3) hours before her scheduled shift. However, the unpredictable nature of Plaintiff's serious health condition is such that she cannot always provide several hours' notice of her need for time off.

22.      On about November 23, 2018, Plaintiff was pulled into a meeting with Ms. Travits, Ms. Corado and Supervisor Lisa Lepo ("Ms. Lepo"). At that time. Plaintiff was told that narcotics were missing, and, because of the missing narcotics, Plaintiff would be required to undergo a drug test and submit a written statement regarding the manner in which she counts narcotics.

4

23.    During the meeting referenced in Paragraph 22, Plaintiff advised that she would be willing to submit to the drug test and write a statement, but wanted to consult with an attorney before doing so. Plaintiff was told that if she refused to immediately submit to the drug test, she would be suspended.

24.    As a result of the aforementioned conduct (*i.e.* the FMLA-related antagonism, Defendant's failure to respond to Plaintiff's complaints, and the pretextual and retaliatory discipline), Plaintiff resigned from employment on November 23, 2018.

25.    Plaintiff avers that she was constructively discharged from employment.

## Count I
## Violations of the FMLA
### (Interference & Retaliation)

26.    The forgoing paragraphs are incorporated in their entirety as if set forth in full.

27.    Defendant is an employer under the FMLA, as Defendant is engaged in commerce and/or activities affecting commerce and employed fifty (50) or more employees.

28.    At all times relevant herein, Plaintiff was an FMLA eligible employee as she: 1) worked for Defendant for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to the start of her FMLA leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

29.    Plaintiff exercised her rights under the FMLA, as she requested, and was approved for FMLA leave.

30.    As described above in Paragraphs 18 through 25, inclusive, Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff by subjecting Plaintiff to antagonism and other adverse action within a close temporal proximity of Plaintiff request for FMLA leave.

31.    The forgoing conduct constitutes violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to liquidated damages;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Christo Lulo

Christa Levko, Esq.
*Attorney for Plaintiff*
Kraemer, Manes, & Associates
1628 JFK Blvd., Suite 1650
Philadelphia, PA 19103
Direct: (215) 475-3517
Fax: (215) 734-2413
cl@lawkm.com